

# In the Missouri Court of Appeals
## Eastern District
### DIVISION ONE

| | | |
|---|---|---|
| JOSHUA SCHULZE, | ) | No. ED102408 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| | ) | 12SL-AC35343 |
| vs. | ) | |
| | ) | |
| DIRECTOR OF REVENUE, | ) | Honorable Dale W. Hood |
| STATE OF MISSOURI | ) | |
| | ) | |
| Respondent. | ) | FILED:  October 20, 2015 |

OPINION

Joshua Schulze (Driver) appeals from the trial court's entry of judgment sustaining the Director of Revenue's (Director's) revocation of Driver's driving privileges for refusing to submit to a chemical test of his breath.  We reverse and remand for the reinstatement of Driver's driving privileges.[1]

Factual and Procedural Background

In October 2012, Driver was arrested on suspicion of driving while intoxicated.  The police officer who arrested Driver transported him to the police station and informed Driver of the Missouri Implied Consent Law.  When the police officer asked Driver to provide a sample of his breath for analysis, Driver asked to speak with his attorney before making his decision

whether to provide a breath sample.  The police officer allowed Driver 15 minutes, and Driver

used his cell phone to make several calls to his wife and one call to his attorney's office, which

was closed.  At the end of the 15 minutes, the police officer again asked Driver if he would

provide a sample of his breath for his analysis.  Driver declined.  The police officer thereafter

informed Driver of his Miranda[2] rights and charged Driver with driving while intoxicated.  The

Director subsequently revoked Driver's driving privileges.  Driver filed a petition with the trial

court for review of the revocation.  Following a hearing in which testimony and evidence were

adduced, the trial court sustained the Director's revocation of Driver's driving privileges.  This

appeal followed.

Discussion

In his sole point on appeal, Driver claims the trial court erred in entering judgment

against him because Driver requested an opportunity to consult with an attorney regarding

whether he would submit to a chemical test of his breath but was not provided 20 minutes to

contact an attorney, pursuant to Section 577.041[3].  Driver also argues that he did not abandon his

effort to contact an attorney, rendering the evidence presented by the Director insufficient to

support a finding that Driver refused to submit to such a test.

In response, the Director has filed its Confession of Error, which states:

> Respondent confesses that the circuit court erred in its judgment sustaining the
> Director's revocation of [Driver's] driving privileges for refusing to submit to a
> chemical test because the Director did not meet his burden in the [S]ection
> 577.041.4, RSMo hearing, in that the Director did not show that [Driver]
> voluntarily abandoned his 20-minute opportunity in which to contact an attorney
> prior to its expiration.

---

[1] Prior to oral argument in this case, Driver filed his Motion to Reverse and Remand.  Given our disposition of the case, Driver's motion is moot.
[2] Miranda v. Arizona, 384 U.S. 436 (1966).
[3] All statutory references are to RSMo 2000, as amended.

The Director bears the burden of proof to support its revocation of a driver's license for refusal to submit to a breath alcohol test. Keim v. Director of Revenue, 86 S.W.3d 177, 180 (Mo. App. E.D. 2002). If the Director fails to satisfy its burden, the reinstatement of the driver's license will result. Keim, 86 S.W.3d at 180. Section 577.041 provides, in relevant part:

> If a person when requested to submit to [a chemical test of his breath] requests to speak to an attorney, the person shall be granted twenty minutes in which to attempt to contact an attorney. If upon completion of the twenty minute period the person continues to refuse to submit to any test, it shall be deemed a refusal.

The Director's burden includes proof that the driver has ceased attempting to contact an attorney and indicates that the driver will make no additional attempts to contact an attorney within the 20-minute period. Id.

Given the Director's concession, Driver's point on appeal is granted.

## Conclusion

The trial court's judgment is reversed and remanded for the reinstatement of Driver's driving privileges.

_____
Mary K. Hoff, Judge

Robert G. Dowd, Jr., Presiding Judge and Roy L. Richter, Judge, concur.